**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SERGEI KOVALEV** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 25-2820** |
| | : | |
| **CITY OF PHILADELPHIA, LAMONT ROGERS, LAWRENCE S. KRASNER, PHILADELPHIA DISTRICT ATTORNEY'S OFFICE, PHILADELPHIA POLICE DEPARTMENT, PHILADELPHIA DEPARTMENT OF PUBLIC HEALTH, PHILADELPHIA DEPARTMENT OF LICENSES AND INSPECTIONS, CHERELLE L. PARKER, KEVIN J. BETHEL, MARQUES NEWSOME, PALAK RAVAL-NELSON, BRIDGETT COLLINS-GREENWALD, BASIL L. MERENDA, JOHN DOES 1-5** | : : : : : : : : : : : : : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                                                                          **July 10, 2025**

A Philadelphian repeatedly sues the City of Philadelphia and its officials in state court for a variety of perceived transgressions including blaming the City for not stopping a neighbor allegedly creating a nuisance. He amended a long-pending case two months ago claiming his neighbor is a nuisance to add civil rights claims against the City and its officials under federal law. The City removed the case on behalf of itself and most of the named City officials. But the City did not include one of its officials in the removal; it left one official in state court. The Philadelphia litigant promptly moved to remand arguing we lack subject matter jurisdiction and not all served defendants removed here or consented to removal. The City counters we enjoy subject matter jurisdiction and should excuse the inadvertent omission of one of its officials from the removal or allow it to amend the notice of removal beyond the thirty days set by Congress. We agree with the

City as to our subject matter jurisdiction. We disagree as to our ability to disregard the City's inadvertence violating the bedrock rule of unanimity requiring all served defendants to remove. The City left one of its officials in state court. It cannot now amend to remove her to this case beyond the thirty days set by Congress. We remand to the state court for all further proceedings.

I.     **Factual Background**

Philadelphian Sergei Kovalev pro se sued his neighbor, Lamont E. Rogers, for nuisance and related state law claims in the Philadelphia Court of Common Pleas on January 2, 2025.[1] Mr. Kovalev also sued the City of Philadelphia, the Philadelphia Police Department, the Philadelphia Department of Public Health, and Does 1-5 asserting state law claims, including negligence, for not shutting down Mr. Rogers's nuisance property.[2]

Mr. Kovalev amended his complaint in the Philadelphia action on February 13, 2025 adding Mayor Cherelle Parker, Police Commissioner Kevin Bethel, Captain and Commander of the 15th Police District Marques Newsome, Health Commissioner Palak Raval-Nelson, Commissioner of the Department of Licenses and Inspections Bridget Collins-Greenwald, and Commissioner of the Department of Licenses Basil L. Merenda in their individual capacities again asserting state law claims, including negligence and nuisance.[3]

Mr. Kovalev amended his complaint for a second time on March 31, 2025, this time adding the Philadelphia Department of Licenses and Inspections, the Philadelphia District Attorney's Office, and District Attorney Lawrence S. Krasner in his individual capacity, asserting the same state law claims.[4]

Mr. Kovalev amended his complaint for the third time on May 12, 2025, adding new federal civil rights claims against the City of Philadelphia, Philadelphia Police Department, Philadelphia Department of Public Health, Philadelphia Department of Licenses and Inspections, the

Philadelphia District Attorney's Office, Mayor Parker, Police Commissioner Bethel, Captain, Newsome, Health Commissioner Raval-Nelson, Commissioner Collins-Greenwald, Commissioner Merenda, and District Attorney Krasner.[5]

The City, Police Department, Department of Health, Department of Licenses and Inspections, Police Commissioner Bethel, Captain Newsome, Health Commissioner Raval-Nelson, Commissioner Collins-Greenwald, and Commissioner Merenda—but *not* Mayor Parker—filed a timely notice of removal on June 2, 2025.[6] Attorneys for the City's Law Department entered their appearances for the City, Police Department, Department of Public Health, Department of Licenses and Inspections, Mayor Parker, Commissioner Bethel, Captain Newsome, Health Commissioner Raval-Nelson, Commissioner Collins-Greenwald, and Commissioner Merenda.[7] Mr. Kovalev had not served the Philadelphia District Attorney's Office and District Attorney Krasner with the Complaint and the City's Law Department does not represent the District Attorney's Office and District Attorney Krasner.[8]

The City's Notice of removal invokes our jurisdiction over Mr. Kovalev's federal civil rights claims. The Removing Defendants obtained Mr. Rogers's consent to removal through an email attached to the Notice even though there is no proof of service of the operative complaint on Mr. Rogers.[9] The Philadelphia County Court of Common Pleas docket shows service of Mr. Kovalev's original complaint on Mr. Rogers and the entry of default judgment against Mr. Rogers for failure to respond to the complaint on February 10, 2025.[10] There is nothing in the Philadelphia County docket showing service of the amended Complaint, second amended Complaint, or third amended Complaint on Mr. Rogers.

After removal, the Removing Defendants—but *not* Mayor Parker—moved to dismiss Mr. Kovalev's third amended Complaint.[11] Mr. Kovalev responded by filing an amended Complaint here and timely moving to remand the action.[12] The Removing Defendants oppose remand.[13]

**II.     Analysis**

Mr. Kovalev makes multiple arguments for remand raising both procedural and jurisdictional defects. Mr. Kovalev argues we lack subject matter jurisdiction because his third amended Complaint in the Philadelphia action does not raise a federal question. Mr. Kovalev also identifies three procedural defects: (1) the Notice of removal purportedly on behalf of individual Defendants Mayor Parker, Police Commissioner Bethel, Captain Newsome, Health Commissioner Raval-Nelson, Commissioner Collins-Greenwald, and Commissioner Merenda is ineffective because they are sued in their individual capacities, which requires each of them to individually consent to removal; (2) Mayor Parker is not named in the Notice of removal; and (3) Mr. Rogers did not properly consent to removal.

We disagree we lack subject matter jurisdiction. But we agree the Removing Defendants' failure to name Mayor Parker in the Notice of removal is a procedural defect and cannot now be cured by an amended Notice. We disagree with Mr. Kovalev's other procedural defect arguments.

Congress, through 28 U.S.C. § 1441(a), allows defendants to remove civil actions from a state court to a federal district court as long as the district court would have had subjection matter jurisdiction had the action been originally filed before it.[14] If a plaintiff seeks remand of an action removable under section 1441(a), the plaintiff must identify a provision prohibiting removal.[15] A plaintiff may seek remand for procedural defects, but section 1447(c) limits a plaintiff's ability to challenge removal and limits a district court's authority to remedy abuses of the removal

procedure.[16] Our Court of Appeals instructs removal statutes must be strictly construed against removal and all doubts should be resolved in favor of remand.[17]

The Supreme Court distinguishes between "properly removed" cases and cases "failing in subject-matter jurisdiction."[18] A motion for remand for any defect in the removal procedure must be made within thirty days after the filing of the notice of removal.[19] A motion to remand based on the district court's lack of subject matter jurisdiction "at any time before final judgment" requires remand.[20]

Mr. Kovalev raises both procedural defects and a jurisdictional defect requiring remand. He filed his motion for remand well within thirty days of removal making his asserted procedural defects timely under section 1447(c).

**A.  We enjoy subject matter jurisdiction.**

The Removing Defendants removed Mr. Kovalev's Philadelphia action invoking our federal question jurisdiction vested in us by Congress through section 1331. The Removing Defendants cite to Mr. Kovalev's third amended Complaint asserting civil rights violations against all Defendants (except Mr. Rogers) under section 1983 for violating his "guaranteed and protected statutory and constitutional rights," a violation of his property rights and right to safety and bodily integrity guaranteed by Equal Protection Clause of the Fourteenth Amendment, and what appears to be a *Monell* claim for failure to train, discipline, and supervise employees of the Police Department, Health Department, and Department of Licenses and Inspections.[21]

Mr. Kovalev argues there is no federal question on the face of his well-pleaded complaint.[22] He argues "[b]eyond any doubt," his claims for personal injuries and negligence arise under state law and his third amended Complaint "[does] not aris[e] under the Constitution, laws, or treaties of the United States" and his constitutional claims are "supplemental."[23] He also argues the

5

Philadelphia County Court of Common Pleas has concurrent jurisdiction over his constitutional claims.

We disagree. Mr. Kovalev asserts equal protection and due process violations under the Fourteenth Amendment. He affirmatively alleges a violation of his civil rights, a deprivation of his property rights, a deprivation of his right to life and health and alleges the City and its officials infringed on his constitutional rights. These are federal constitutional claims appearing on the face of the third amended Complaint.

Mr. Kovalev's citation to case law is misplaced. He cites *In re Community Bank of Northern Virginia*[24] and *Caterpillar Inc. v. Williams*[25] to support remand. The *Community Bank* case involved a consolidation of six separate class actions challenging a lending scheme against several banks. The original action began in a Pennsylvania state court but a banking defendant removed the case to the district court asserting the National Banking Act and another federal statute completely preempted state law challenging the amount of fees a nationally or federally insured state-chartered bank could charge.[26] After consolidation and approval of a proposed class settlement, the defendant banks appealed arguing the district court in the original action lacked subject matter jurisdiction.

Because the original Pennsylvania state court action could not have been removed based on diversity, our Court of Appeals examined whether federal question jurisdiction existed as a basis for removal.[27] Our Court of Appeals recognized the well-pleaded complaint rule; there can be no removal on the basis of federal question unless the federal law under which the claim arises is "a direct and essential element of the plaintiff['s] case."[28] But an "independent corollary" to the well-pleaded complaint rule is the complete preemption doctrine articulated by the Supreme Court in *Caterpillar*: if the preemptive force of a statute is "so extraordinary that it converts an ordinary

6

state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," the state law claim is considered a federal claim from its inception and "arises under federal law."[29]

After analysis of the state law claims and the potential complete preemption of the state law claims by federal banking statutes, our Court of Appeals concluded the original state law claims were not preempted by federal law and removal was improper, but the district court "properly acquired" subject matter jurisdiction on the filing of an amended complaint by the settling parties "explicitly assert[ing] federal claims" under federal law.[30]

Neither *Community Bank* nor *Caterpillar* support Mr. Kovalev's argument. First, the complete preemption doctrine is not applicable here. Second, our Court of Appeals concluded the district court had jurisdiction over the removed amended complaint alleging federal claims. Third, to the extent Mr. Kovalev relies on *Caterpillar* as prohibiting removal, his reliance is misplaced. In *Caterpillar*, the Supreme Court recognized an action may not be removed on the basis of a federal ***defense*** except where the complete preemption doctrine applies.[31] Mr. Kovalev chose to assert federal constitutional claims in his third amended Complaint. The Removing Defendants removed on the basis of his explicit federal claims; they did not remove on a defense to state law claims.

Mr. Kovalev's argument concerning the Philadelphia County Court of Common Pleas' concurrent jurisdiction is also incorrect. A state court's concurrent jurisdiction does not defeat the Removing Defendants' right to removal to federal court or require remand.[32]

We have subject matter jurisdiction over this action and deny Mr. Kovalev's motion to remand for lack of subject matter jurisdiction.

7

**B. The omission of Mayor Parker in the Notice of removal is a procedural defect requiring remand.**

We turn to Mr. Kovalev's argument several procedural defects require remand. We are concerned with only one of his arguments: the absence of Mayor Parker in the Notice of removal and concomitant lack of consent.

Where a civil action is removed "solely under section 1441(a)"—as the Removing Defendants did here—all defendants who have been properly joined and served must join in or consent to the removal of the action."[33] This is known as the rule of unanimity; failure of all defendants to consent to removal is a procedural defect warranting remand.[34] We are again mindful of the instruction from our Court of Appeals we must strictly construe the removal statute in favor of state court jurisdiction.[35]

The Removing Defendants concede they inadvertently omitted Mayor Parker from the Notice of removal but argue this is a minor error and, although omitted from the Notice of removal, the docket entry by our Clerk's Office notes Mayor Parker as filing the Notice of removal. The Removing Defendants point out the City's Law Department "has *always* represented all of the individually-named City officials and employees" as evidenced by their entries of appearance for each City Defendant and City officials and its Motion to dismiss filed after removal evidencing the intent to include Mayor Parker and highlighting the inadvertent omission of Mayor Parker from the Notice.[36] Removing Defendants also argue the omission of Mayor Parker is a procedural and not a jurisdictional error and we should not apply the rule of unanimity in a "hypertechnical and unrealistic manner." They claim they will file an amended Notice of removal to cure the defect—outside the thirty-day removal period—if we find the omission of Mayor Parker is a procedural defect.

8

The Removing Defendants do not explain why they did not remove on behalf of Mayor Parker other than dismissing it as an inadvertent omission. They instead ask us to consider the reasoning from several judges who addressed an entirely different issue: whether the removing defendant can provide consent on behalf of other defendants.[37] Removing Defendants cannot claim they consented on behalf of Mayor Parker when they did not mention her at all as a removing party. This is not a situation where Mayor Parker is a removing party but there is no reference to her consent. We instead face a situation where Mayor Parker did not remove.

Removing Defendants rely on a decision from the United States Court of Appeals for the Eighth Circuit in *Griffioen v. Cedar Rapids & Iowa City Railroad* (and cited by Judge Schiller in *McCreesh v. City of Philadelphia*) to support their argument the rule of unanimity should not be applied in a "hypertechnical and unrealistic manner."[38] But once again, this language appears in a discussion about whether one defendant may consent to removal on another's behalf.[39] The Court of Appeals used the "hypertechnical and unrealistic manner" language in the context of the form of consent for the unanimity requirement. The Court of Appeals for the Eighth Circuit, at least as of its 2015 *Griffioen* decision, had not directly addressed whether a representation in a removing defendant's notice of removal its co-defendants consent satisfies the unanimity requirement of section 1446.[40] The court noted its earlier decision setting out a basic rule there must be some "timely filed written indication from each served defendant" to satisfy the consent requirement to show a defendant "actually consented" to removal, leaving open the "possibility that the unanimity requirement could be met when the removing defendant gives notice of its codefendants' consent" assuming the removing defendant has authority to do so and notice is timely.[41] The court recognized while consent "can come in various forms," it is "disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner" given Congress's lack of specific

9

guidance.[42] The *Griffioen* decision from another Circuit is distinguishable. The problem here is not the form of Mayor Parker's consent; we instead have no removal from her.

We decline to allow amendments curing this defect after the thirty-day deadline for removal. We are guided by Judge Yohn's analysis in *Ogletree v. Barnes* finding defendants may not cure a failure to obtain unanimous consent to removal after the thirty-day deadline Congress set in section 1446(b).[43] Judge Yohn reasoned it is well-settled "the thirty-day limitation is mandatory, and the court is without authority to expand it."[44] Judge Pratter similarly found in *Alves v. Eagle Crane Services, Inc.* the failure of several defendants to timely join in the notice of removal required remand, and she reaffirmed Judge Yohn's reasoning the thirty-day timeline is mandatory and not subject to judicial extension.[45] These cases are consistent with our obligation to strictly construe removal statutes with all doubts resolved in favor of remand.

The cases cites by the Removing Defendants in support of filing an amended Notice outside the thirty-day period for removal are distinguishable. For example, in *USX Corporation v. Adriatic Insurance Company* our Court of Appeals found Judge Diamond did not abuse his discretion in allowing a foreign corporation to amend its notice of removal to clarify the Republic of Ireland controls, rather than owns, an insurance company for purposes of removal of a state court action to federal court by a foreign state.[46] Our Court of Appeals concluded the amended notice of removal simply clarified ownership; it did not add new jurisdictional facts and did not rely on a basis of jurisdiction different from the original allegations.[47] The Removing Defendants' response reveals the flaw here: our Court of Appeals in *USX Corporation* addressed the correction of jurisdictional errors.[48] The failure to name Mayor Parker is a procedural defect, not a jurisdictional one.[49] Our Court of Appeals in *USX Corporation* only permitted defendants to amend their notice of removal to clarify existing information or correct "technical deficiencies."[50] This is not our

10

situation; unlike the removing party in *USX Corporation,* Mayor Parker did not remove in the first place. Adding Mayor Parker to the notice of removal would not be a mere clarification

The Removing Defendants' reliance on *Speedwell, LLC v. Town of Morristown* is also misplaced.[51] In *Speedwell*, some defendants noticed a removal on behalf of all defendants and plaintiff moved to remand arguing not all defendants individually consented to removal violating the rule of unanimity. Judge Almonte recognized an intra-circuit and circuit split on the rule of unanimity within the thirty-day period for removal.[52] Judge Almonte chose not to "weigh in" on the debate because he decided to exercise his discretion and permit the defendants to amend the notice of removal.[53] Judge Almonte reasoned the court's investment of substantial time in adjudicating and presiding over the matter constituted "extraordinary circumstances" justifying an amended notice of removal, the record showed counsel for all defendants exchanged emails consenting to removal, and the defendants "should not be penalized" for the "lack of clarity" around the rule of unanimity.[54] Judge Almonte found the interests of justice and judicial economy justified an amended notice of removal based on the totality of the circumstances.[55] We have no such circumstances here. Remanding Mr. Kovalev's case does not conflict with our interest in judicial economy.

Removing Defendants' reliance on reasoning from twenty-one years ago in another Circuit is also misplaced.[56] Judge Skretny in *Jones v. City of Buffalo* found a petition for removal is a "pleading" which may be amended under Rule 15(a) even after the thirty-day period required by section 1446(b). This is not the law in this Circuit. Our Court of Appeals expressly rejected the application of the "relation back" mechanism of Rule 15(c).[57] A notice of removal is not a pleading identified in Rule 7(a).[58] Our Court of Appeals instructs there can be no "relation back" to a notice

11

of removal but "relation back" may apply, "if at all," under the court's equitable powers.[59] Removing Defendants do not provide us with reasons to exercise our equitable powers.[60]

The Removing Defendants' absence of Mayor Parker from the removal violates the rule of unanimity.[61] The thirty-day deadline for the Removing Defendants to freely amend their notice of removal and add Mayor Parker's consent ended on June 11, 2025. The Removing Defendants offer no extraordinary circumstances warranting an extension even if we had the discretion to grant leave to amend.

### III. Conclusion

The Removing Defendants' Notice of removal omits Mayor Parker and is procedurally defective. We grant Mr. Kovalev's motion to remand.

---

[1] ECF 1 ¶ 1-2.

[2] ECF 1-1.

[3] ECF 1 ¶ 6. The caption of Mr. Kovalev's amended Complaint did not include Mayor Parker, but the body of the amended Complaint at paragraph 5 identified her as a defendant. *See* ECF 1-1 at 116 (using the pagination assigned by the CM/ECF docketing system).

[4] ECF 1 ¶ 8, ECF 1-1 at 222-296.

[5] ECF 1 ¶ 10, ECF 1-1 at 328-411.

[6] ECF 1. The City, Police Department, Department of Health, Department of Licenses and Inspections, Police Commissioner Bethel, Captain Newsome, Health Commissioner Raval-Nelson, Commissioner Collins-Greenwald, and Commissioner Merenda are collectively referred to as "Removing Defendants."

[7] ECFs 1, 5.

[8] ECF 1 at 2 n.1. Mr. Kovalev concedes the District Attorney's Office and District Attorney Krasner have not been served. ECF 14 at 4.

[9] ECF 1-1 at 431.

---

[10] Docket entries, *Kovalev v. Rogers, et al.,* Case No. 250100141, Phila. Cnty. Court of Common Pleas.

[11] ECF 6.

[12] ECFs 7, 14.

[13] ECF 17. Mr. Kovalev filed a reply in support of remand. ECF 18.

[14] Section 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

[15] *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695-96 (2003)).

[16] *Medical Assocs. of Erie v. Zaycosky*, 77 F.4th 159, 162 (3d Cir. 2023). Section 1447(c) provides in relevant part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

[17] *A.S. ex rel. Miller*, 769 F.3d at 208.

[18] *Medical Assocs. of Erie*, 77 F.4th at 162-63 (quoting *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007)).

[19] 28 U.S.C. 1447(c).

[20] *Id.*

[21] ECF 1-1, Third Amended Complaint at 329, ¶¶ 375-407.

[22] ECF 14 at 10-11.

[23] *Id.*

[24] 418 F.3d 277 (3d Cir. 2005).

[25] 482 U.S. 386 (1987).

[26] *Community Bank*, 418 F.3d at 285.

[27] *Id.* at 293-94.

---

[28] *Id.* at 293.

[29] *Id.* at 294 (quoting *Caterpillar*, 482 U.S. at 393).

[30] *Id.* at 297-98.

[31] *Caterpillar*, 482 U.S. at 392-93.

[32] *See Sinclair v. Soniform, Inc.*, 935 F.2d 599, 604 (3d Cir. 1991) ("[w]hile it is true that the state courts have concurrent jurisdiction over the action, this fact does not strip the federal court of its jurisdiction); *Whaley v. Portfolio Recovery Assocs., LLC*, No. 20-1086, 2020 WL 5043928, at *2 (M.D. Pa. Aug. 26, 2020) (removal of claims asserted under the Fair Debt Collection Practices Act over which the state and federal courts have concurrent jurisdiction is proper because "the fact that concurrent jurisdiction exists here does not preclude a party from removing a [Fair Debt Collection Practices Act] to federal court."); *Bartlett v. Pa. Blue Shield*, No. 02-4591, 2003 WL 21250587, at *2 (E.D. Pa. Mar. 31, 2003) (denying motion to remand, rejecting plaintiff's argument state court claims predominate and state court had concurrent jurisdiction over ERISA claims because "[i]t is well established that concurrent jurisdiction is not a basis for remand after a proper removal to federal court.").

[33] 28 U.S.C. § 1446(b)(2)(A). Section 1446(b)(1) requires a "notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" and section 1446(b)(2)(A) requires consent to removal by all defendants "who have been properly joined and served." 28 U.S.C. §§ 1446(b)(1), (2)(A).

There is nothing in the state court docket demonstrating service of the third amended Complaint asserting federal claims upon Defendant Lamont E. Rogers. The state court docket shows service of the Complaint on Mr. Rogers on January 6, 2025 and the entry of default judgment against him on February 10, 2025. After obtaining a judgment of default against Mr. Rogers on the Complaint, Mr. Kovalev then sued Mr. Rogers in an amended Complaint, second amended Complaint, and third amended Complaint without showing service on Mr. Rogers. And even if Mr. Rogers is served, an email showing his consent may satisfy the rule of unanimity. *See Mitchell v. Honda Fin. Servs. Corp.*, No. 17-831, 2017 WL 4837593, at *2-3 (W.D. Pa. Oct. 26, 2017) (holding an email from a co-defendant's counsel stating "You have our consent for the removal" attached to the notice of removal constituted a sufficiently clear and unambiguous expression of consent under the rule of unanimity, and a separately filed formal consent was not required); *McNulty v. Auchter Indus. Serv., Inc.*, No. 15-5363, 2015 WL 7252907, at *2 (E.D. Pa. Nov. 17, 2015) (holding emails from attorneys for non-removing defendants, attached to the notice of removal, constituted unambiguous written consent under the rule of unanimity and satisfied the procedural requirements for removal). *Contra Alejandro v. Phila. Vision Ctr.*, 271 F. Supp. 3d 759, 761 (E.D. Pa. 2017) (holding the rule of unanimity cannot be satisfied by "attaching a letter of consent from one defendant to another defendant's Notice of Removal.").

[34] *Garcia v. Dial*, 757 F. Supp. 3d 622, 626 (E.D. Pa. 2024) (collecting cases).

---

[35] *Id.* There are two exceptions where we may disregard the rule of unanimity: "(1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Id.* (footnote omitted) (quoting *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995)). The Removing Defendants do not argue either exception to the rule of unanimity applies here.

[36] ECF 17 at 5.

[37] *See McCreesh v. City of Phila.*, No. 20-3002, 2020 WL 5017609 (E.D. Pa. Aug. 25, 2020) (citing *Griffioen v. Cedar Rapids & Iowa City R.R.*, 785 F.3d 1182 (8th Cir. 2015)); *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735 (4th Cir. 2013); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208 (9th Cir. 2009); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004); *Simon v. Petsmart Distrib. Ctr.*, No 22-3472, 2022 WL 16963249 (E.D. Pa. Nov. 16, 2022); *Gonzalez v. New Werner Holding Co., Inc.*, No. 21-1549, 2021 WL 4037516 (E.D. Pa. Sept. 3, 2021); *Avicolli v. BJ's Wholesale Club, Inc.*, No. 21-1119, 2021 WL 1088249 (E.D. Pa. Mar. 22, 2021).

[38] *Griffioen*, 785 F.3d at 1187.

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] 851 F. Supp. 184 (E.D. Pa. 1994).

[44] *Id.* at 190 (quoting *Collins v. American Red Cross*, 724 F. Supp. 353, 359 (E.D. Pa. 1989)).

[45] No. 05-6699, 2006 WL 1030244, at *2-3 (E.D. Pa. Apr. 19, 2006).

[46] 345 F.3d 190, 197, 204-05 (3d Cir. 2003).

[47] *Id.* at 204-05.

[48] *Id.* at 190 n.12.

[49] *Id.*

[50] *Id.*

[51] No. 21-18796, 2022 WL 2209866 (D.N.J. June 21, 2022).

[52] *Id.* at *3-4.

[53] *Id.* at *4.

---

[54] *Id.* at *5.

[55] *Id.*

[56] *Jones v. City of Buffalo*, 867 F. Supp. 1155 (W.D.N.Y 1994).

[57] *A.S. ex re. Miller*, 769 F.3d at 213 (3d Cir. 2014).

[58] *Id.*

[59] *Id.* (citing *Scarborough v. Principi*, 541 U.S. 401, 417-18 (2004)). *See also Altieri v. Lib. Mut. Fire Ins. Co.*, No. 15-1818, 2015 WL 1868600 (E.D. Pa. Apr. 23, 2015). In *Altieri*, Judge Savage found the defendant insurance company's notice of removal untimely, rejected the insurance company's "relation back" argument, and remanded the action to state court. *Id.* at *2.

[60] Equitable tolling may be appropriate where a removing defendant demonstrates (1) diligent pursuit of its rights; and (2) some extraordinary circumstance stood in its way. *Dixon v. Allstate Ins. Co.*, No. 17-2013, 2017 WL 2506455, at *3 (E.D. Pa. June 8, 2017) (quoting *A.S. ex rel. Miller*, 769 F.3d at 212)). It appears Removing Defendants omitted Mayor Parker inadvertently, a mistake it did not catch until Mr. Kovalev's motion for remand and does not fall within the parameters of equitable tolling.

We are also not persuaded a docket clerk's entry including Mayor Parker can affect a removal.

[61] We reject Mr. Kovalev's argument each Philadelphia official must file his/her own consent separately because he sues them in their individual capacity. ECF 14 at 6. The City's Law Department is counsel for the City, its Departments, and officials of those Departments and speaks for its clients. The City's Law Department commonly represents multiple Philadelphia officials at once, whether they are sued in their official or individual capacities. *See e.g. Hightower v. City of Phila.*, No. 21-4075, 2023 WL 8879761 (E.D. Pa. Dec. 22, 2023); *Erdreich v. City of Phila.*, No. 18-2290, 2019 WL 1060051 (E.D. Pa. Mar. 6, 2019); *Harris v. City of Phila.*, 171 F. Supp. 3d 395 (E.D. Pa. 2016). Mr. Kovalev provides no basis for why City officials cannot be represented collectively by the City Law Department in the Notice.